## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6856 | **DATE** | 3/14/2001 |
| **CASE TITLE** | SLADE vs. PERFECT ACCESS SOFTWARE TRAINING, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the defendant's motion to dismiss plaintiff's complaint pursuant to FRCP 12(b)(6) is denied [5-1]. Plaintiff should strike all references to section 1983 from her complaint and correct paragraph 58 of the amended complaint to read age and religion. Because defendant has set forth no objection as to plaintiff's proposed retaliation count and because retaliation was clearly alleged before the EEOC Plaintiff is hereby granted to add this count. Status hearing set for 4/6/01 at 9:30a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 1 6 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA R. SLADE, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 00 C 6856 |
| | ) | |
| v. | ) | Judge Ronald A. Guzman |
| | ) | |
| PERFECT ACCESS SOFTWARE TRAINING, | ) | Magistrate Judge |
| A part of KAPLAN PROFESSIONAL, | ) | Geraldine Soat Brown |
| A Division of KAPLAN EDUCATIONAL | ) | |
| CENTERS, a Delaware corporation and | ) | |
| a subsidiary of THE WASHINGTON POST | ) | |
| COMPANY, | ) | |
| | ) | DOCKETED |
| Defendants. | ) | MAR 1 6 2001 |

## MEMORANDUM OPINION AND ORDER

Pending is defendant Kaplan, Inc's. ("defendant") motion to dismiss plaintiff Cynthia R. Slade's ("Slade") complaint in whole or in part pursuant to Fed. R's. Civ. 12(b)(6). For the reasons set forth below this motion is hereby denied. (#5-1).

## BACKGROUND FACTS

Slade was hired by Computer Resource Network ("CRN") on or about August 15, 1997. Defendant acquired Perfect Access Software Training on June 12, 1998, and CRN on February 1, 1999, and integrated both companies together as part of its Kaplan Professional division. Through this corporate acquisition, Slade became an employee of Kaplan, Inc. During Slade's

1

employment with the defendant she was allegedly subjected to daily age and religious discrimination.

Slade states various allegations in her complaint of discrimination based on her age and/or religion in violation of Age Discrimination in Employment Act ("ADEA"), *29 U.S.C. section 626 (1986)*, Title VII of the Civil Rights Act of 1964 ("Title VII"), *42 U.S.C. section 2000e seq.* and *42 U.S.C. section 1981*, and 42 U.S.C. section 1983[1]. Slade alleges that she was not considered for the position of Human Resource Director due to her age and/or religion. Additionally, Slade claims that the management informed all the employees but plaintiff that they must take their unused vacation time by the end of the year. As a consequence of not being informed, plaintiff was deprived of 4.5 days of vacation time. Further, Slade contends that while younger non-Jewish employees were given guidance and career paths, she was not. Slade further claims that defendant maintained a pattern of firing older employees because of their age and replacing them with younger, less costly employees. On July 16, 1999, plaintiff was dismissed and a non-Jewish woman under the age of forty was hired to take plaintiff's position.

On April 4, 2000 Slade filed a charge of race discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights. The EEOC issued Slade a "Dismissal and Notice of Rights" letter on July 28, 2000 that was received by Slade on August 3, 2000. Defendant seeks to narrow Slade's claim to only age/religious discrimination based upon her termination alone and not to the other allegations stated in her complaint.

---

[1] The section 1983 claim was withdrawn by the plaintiff's based upon the reasoning that plaintiff is a private entity.

2

## DISCUSSION

In ruling on a Rule 12(b)(6) motion to dismiss, the court must consider "whether relief is possible under any set of facts that could be established consistent with the allegations." *See Bartholet v. Reishauer A.G.*, 953 F. 2d 1073, 1078 (7th Cir. 1992). In deciding a motion to dismiss, the court must consider all allegations of the complaint as true, and must draw all reasonable inferences in favor of the plaintiff. *See Pickrel v. City of Springfield*, 45 F. 3d 1115, 1116 (7th Cir. 1995).

Defendant moves to dismiss Slade's ADEA and Title VII claims on the grounds: (1) the plaintiff has failed to exhaust administrative remedies; and (2) the complaint exceeds the scope of her charge. Both of these grounds are unfounded.

The ADEA requires a plaintiff to wait sixty days after filing an administrative charge before commencing an individual civil action alleging an ADEA violation. *29 U.S.C. section 626*. Under the "scope of the charge" doctrine, ADEA claims in such a civil action are appropriate only if they are "like or reasonably related to allegations of the charge growing out of such allegations." *Steffen v. Meridian Life Ins. Co.*, 859 F. 2d 534, 544 (7th Cir. 1988) (quoting *Jenkins v. Blue Cross Mut. Hosp. Ins.*, 538 F. 2d 164, 167 (7th Cir. 1976) (en banc). Additionally, the Supreme Court unanimously expressed that in cases involving EEOC procedure that "technicalities are particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyer, initiated that process."

3

With this, we now turn to Slade's charge of discrimination that was filed with the EEOC. Slade appropriately checked the boxes asking for the cause of discrimination as "age", "religion", and "retaliation." Slade stated in her charge that "During my tenure, I was subjected to age-based comments by the Human Resource Director. I was also subjected to anti-Semitic comments by the General Manager and Human Resources Director. In or about April 1999, I complained to Human Resources regarding Respondent's policy/practice relating to employees' observation of religious holidays. On July 16, 1999, I was discharged. I was replaced by a younger, non-PAG employee."

Slade in her complaint claims that defendants discriminated against her "with respect to terms and conditions of her employment in violation of the ADEA." Slade's complaint further states that "in direct violation of the ADEA, PERFECT/KAPLAN, its agents and employees, intentionally engaged in discriminatory terms and conditions of employment, including but not limited to unlawful discrimination due to age, rate of pay, number of hours of work required." Similarly, Slade's complaint with respect to Title VII, alleges that defendants "intentionally discriminated against plaintiff on account of her religion in violation of Title VII. . .by denying her equal terms and conditions of employment, by failing to promote her, and by terminating her employment."

Defendant argues that the Slade's complaint contains statements such as:

- she was being used and treated as clean-up help
- she was denied a promotion while also being denied paid time off.
- she was not told that her unused vacation time would not roll over, while other employees received bonuses and their paid vacations

4

- she was not given a career path
- she was given unreasonable deadlines
- she was required to also work on-site and required to work overtime

Defendant contends that none of the aforementioned allegations were included in the EEOC charge filed by Slade, and therefore none of the allegations are actionable or alternatively that these allegations are beyond the scope of Slade's charge. Both of these arguments have no merit. As stated above, the EEOC charge is broadly read and the plaintiff is permitted to allege any claims "reasonably related" to her charge. Plaintiff states in her charge that during her "tenure" she was subjected to discrimination. With this, the plaintiff's specific allegations stated above are incorporated into her charge and each and every allegation does not have to be stated specifically in order for the plaintiff to have exhausted her administrative remedies or be within the scope of her charge so long as the allegations are reasonably related to the conduct stated in the charge. Moreover, these allegations merely set out some of the allegedly discriminatory conduct plaintiff was subjected to and are not necessarily even additional.

This court will continue to adhere to the broad reading policy of EEOC charges adopted by other courts. The Title VII and ADEA are designed to protect those who are least capable of protecting themselves and a strict and rigid reading as is requested by the defendant will harm those individuals that the act intends to protect.

## CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss plaintiff's complaint pursuant to FRCP 12(b)(6) is denied. (#5-1). Plaintiff should strike all references to section 1983 from her complaint and correct paragraph 58 of the amended complaint to read age and religion. Because defendant has set forth no objection as to plaintiff's proposed retaliation count and because retaliation was clearly alleged before the EEOC plaintiff is hereby granted to add this count.

**SO ORDERED**  ENTERED: 3/14/01

HON. RONALD A. GUZMAN
**United States Jude**